**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE OLAPLEX HOLDINGS, INC. STOCKHOLDER DERIVATIVE LITIGATION | Lead Case No.: 2:23-cv-09712-SVW-SK |
| This Document Relates To: ALL ACTIONS. | |

**[PROPOSED] ORDER PRELIMINARILY APPROVING DERIVATIVE SETTLEMENT AND PROVIDING FOR NOTICE**

WHEREAS, a consolidated shareholder derivative action is pending in this Court captioned *In re Olaplex Holdings, Inc. Stockholder Derivative Litigation*, Lead Case No. 2:23-cv-09712-SVW-SK (C.D. Cal.) (the "Consolidated Derivative Action");

WHEREAS, Plaintiffs Gwyneth Hutchinson ("Hutchinson") and Carla Ciuffo ("Ciuffo" and, together with Hutchinson, "Consolidated Plaintiffs"), stockholder Kajeel Patel ("Patel") (together with Consolidated Plaintiffs, "Plaintiffs"), nominal defendant Olaplex Holdings, Inc. ("Olaplex" or the "Company"), defendants Christine Dagousset, Deirdre Findlay, Tricia Glynn, Janet Gurwitch, Martha Morfitt, David Mussafer, Eric Tiziani, Tiffany Walden, Emily White, Michael White, JuE Wong, and Paula Zusi (together, the "Individual Defendants"), and Advent International, L.P. (f/k/a Advent Corporation) ("Advent") (collectively, with Olaplex and Individual Defendants, "Defendants" and together with Plaintiffs, the "Parties"), have determined to settle the Released Claims in their entirety and as against all Defendants with prejudice on the terms and conditions set forth in the

1

Stipulation and Agreement of Settlement dated April 24, 2026 (the "Stipulation"), subject to the approval of this Court (the "Settlement");[1]

WHEREAS, the Parties have made an application to the Court for an order: (i) preliminarily approving the Settlement in accordance with the Stipulation and allowing for the dissemination of notice of the Settlement to Current Olaplex Shareholders (as defined below and described more fully herein);

WHEREAS, all capitalized terms contained herein shall have the same meanings as set forth in the Stipulation (unless otherwise defined herein); and

WHEREAS, the Court has read and considered the Stipulation and the exhibits annexed thereto, and all the Parties have consented to the entry of this Preliminary Approval Order;

NOW THEREFORE, IT IS HEREBY ORDERED:

1.      **Jurisdiction** – The Court has jurisdiction over the subject matter of the Derivative Matters, the Settlement, and over the Parties to the Stipulation.

2.      **Preliminary Approval of the Settlement** – The Court does hereby preliminarily approve, subject to further consideration at the Settlement Hearing described below, the Stipulation and the settlement set forth therein (the "Settlement"), including the terms and conditions for settlement and dismissal with prejudice of the Consolidated Derivative Action.

3.      In connection with preliminary approval of the proposed Settlement, the Court preliminarily finds, for the purposes of the Settlement only, that the Consolidated Derivative Action was properly brought pursuant to Federal Rule of Civil Procedure 23.1 as a shareholder derivative action on behalf of Olaplex, and

---

[1] The Settlement also provides for the resolution of shareholder Patel's inspection demand pursuant to 8 *Del. C.* § 220 (the "Demand" and together with the Consolidated Derivative Action, the "Derivative Matters").

that Plaintiffs fairly and adequately represent the interests of Current Olaplex Shareholders in enforcing the rights of Olaplex.

4. **Settlement Hearing** – The Court will hold a settlement hearing (the "Settlement Hearing") on _____, 202_, at _:_ _.m. before the Honorable Stephen V. Wilson, in Courtroom 10A of the First Street United States Courthouse, 350 West 1st Street, Suite 4311 Los Angeles, CA 90012-4565, with the discretion to proceed telephonically or remotely, to: (i) determine whether the terms and conditions of the Settlement are fair, reasonable, and adequate to Olaplex and Current Olaplex Shareholders and should be finally approved by the Court; (ii) determine whether the Judgment finally approving the Settlement, substantially in the form of Exhibit D attached to the Stipulation, should be entered, dismissing the Consolidated Derivative Action with prejudice, and releasing and enjoining the prosecution of any and all Released Claims; (iii) consider the payment to Plaintiffs' Counsel of attorneys' fees and expenses; and (iv) consider the payment of Service Awards to Plaintiffs, which shall be funded from the attorneys' fees and expenses awarded by the Court to Plaintiffs' Counsel. At the Settlement Hearing, the Court may hear or consider such other matters as the Court may deem necessary and appropriate.

5. The Court reserves the right to adjourn the date of the Settlement Hearing or modify any other dates set forth herein without further notice to Current Olaplex Shareholders and retains jurisdiction to consider all further applications arising out of or connected with the Settlement. The Court may approve the Settlement and any of its terms, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to Current Olaplex Shareholders.

6. **Notice** – The Court approves, as to form and content, the Notice attached as Exhibit B to the Stipulation, and finds that the issuance of the notice of Settlement as set forth in the Stipulation meets the requirements of Federal Rule of

Civil Procedure 23.1 and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to Current Olaplex Shareholders and all other Persons entitled thereto.

7.    Within twenty (20) business days after the Court's entry of this Preliminary Approval Order, Olaplex shall: (1) post the Notice and Stipulation and exhibits thereto on the SEC Filings portion of Olaplex's corporate website; (2) publish the Notice in a press release with *GlobeNewswire*; and (3) cause the Notice to be filed with the SEC as an exhibit to a Current Report filed on Form 8-K. The Notice shall provide a link to the SEC Filings portion of Olaplex's corporate website where the Notice and Stipulation and exhibits thereto may be viewed, which page will be maintained through the date of the Settlement Hearing. The Parties believe the form and manner of the notice procedures set forth in this paragraph constitute adequate and reasonable notice to Olaplex shareholders pursuant to applicable law and due process.

8.    Within thirty-five (35) business days after the entry of this Preliminary Approval Order, Defendants' Counsel shall file with the Court proof, by affidavit or declaration, of the posting and filing of the notice of the Settlement pursuant to the terms of this Order.

9.    **Appearance and Objections at Settlement Hearing** – Any Current Olaplex Shareholder may object and/or appear and show cause, if he, she, or it has any concern why the Settlement should not be finally approved as fair, reasonable, and adequate, why the Judgment should not be entered thereon, or why Plaintiffs' Counsel's application for attorneys' fees and expenses or Service Awards to Plaintiffs should not be finally approved; provided, however, unless otherwise ordered by the Court, that no Current Olaplex Shareholder shall be heard or entitled to contest the approval of the terms and conditions of the Settlement, or, if approved, the Judgment to be entered thereon approving the same, or Plaintiffs' Counsel's

application for attorneys' fees and expenses or Service Awards to Plaintiffs, unless that shareholder has, at least twenty-one (21) days prior to the Settlement Hearing: (1) filed with the Clerk of the Court a written objection to the Settlement setting forth (a) the nature of the objection, (b) proof of ownership of Olaplex common stock as of the date of the Stipulation and through the date of the Settlement Hearing, including the number of shares of Olaplex common stock held and the date of purchase, (c) any and all documentation or evidence in support of such objection, and (d) the identities of any cases, by name, court, and docket number, in which the stockholder or his, her, or its attorney has objected to a settlement in the last three years; and (2) if a Current Olaplex Shareholder intends to appear and requests to be heard at the Settlement Hearing, such shareholder must have, in addition to the requirements of (1) above, filed with the Clerk of the Court (a) a written notice of such shareholder's intention to appear at the Settlement Hearing, (b) a statement that indicates the basis for such appearance, (c) the identities of any witnesses the shareholder intends to call at the Settlement Hearing and a statement as to the subjects of their testimony, and (d) any and all evidence that would be presented at the Settlement Hearing. If a Current Olaplex Shareholder files a written objection and/or written notice of intent to appear, such shareholder must also serve copies of such notice, proof, statement, and documentation, together with copies of any other papers or briefs such shareholder files with the Court (either by hand delivery or by first class mail), such that they are received at least twenty-one (21) days prior to the Settlement Hearing, upon each of the following:

**Counsel for Plaintiffs**
Timothy Brown
THE BROWN LAW FIRM
767 Third Avenue, Suite 2501
New York, NY 10017

5

Melissa A. Fortunato
BRAGAR EAGEL & SQUIRE, P.C.
515 S. Flower Street, Suite 1800
Los Angeles, CA 90071

Seth D. Rigrodsky
RIGRODSKY LAW, P.A.
1007 North Orange Street, Suite 453
Wilmington, DE  19801

**Counsel for Defendants**
Anne Johnson Palmer ROPES & GRAY LLP
Three Embarcadero Center
San Francisco, CA  94111

Any Current Olaplex Shareholder who does not make his, her, or its objection in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement, unless otherwise ordered by the Court, but shall be forever bound by the Judgment to be entered, the dismissal of the Consolidated Derivative Action with prejudice, and any and all of the releases set forth in the Stipulation.

10.    All Current Olaplex Shareholders shall be bound by all orders, determinations, and judgments in the Consolidated Derivative Action concerning the Settlement, whether favorable or unfavorable to Current Olaplex Shareholders.

11.    **Stay** – All proceedings in the Consolidated Derivative Action are stayed until further order of the Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation and this Order. This Court retains exclusive jurisdiction over the Consolidated Derivative Action to consider all further matters arising out of or connected with the Settlement.

12.    Pending the Court's determination as to the final approval of the Settlement, Plaintiffs and Plaintiffs' Counsel, and any Current Olaplex Shareholders or other Persons, derivatively on behalf of Olaplex, are barred and enjoined from commencing, prosecuting, instigating, or in any way participating in the

commencement or prosecution of any action asserting any of Plaintiffs' Released Claims against any of Defendants' Released Persons in any court or tribunal.

13. **Use of this Order** – The facts and terms of the Stipulation, including any exhibits attached thereto, all proceedings in connection with the Settlement, and any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement:

a. shall not be offered, received, or used in any way against the Parties as evidence of, or be deemed to be evidence of, a presumption, concession, or admission by any of the Parties with respect to the truth of any fact alleged by Plaintiffs or the validity, or lack thereof, of any claim that has been or could have been asserted in the Derivative Matters or in any litigation, or the deficiency, infirmity, or validity of any defense that has been or could have been asserted in the Derivative Matters or in any litigation, or of any fault, wrongdoing, negligence, or liability of any of the Released Persons;

b. shall not be offered, received, or used in any way against any of the Released Persons as evidence of, or be deemed to be evidence of, a presumption, concession, or admission of any fault, misrepresentation or omission with respect to any statement or written document approved, issued, or made by any Released Persons;

c. shall not be offered, received, or used in any way against any of the Released Persons as evidence of, or be deemed to be evidence of, a presumption, concession, or admission of any liability, fault, negligence, omission, or wrongdoing, or in any way referred to for any other reason as against the Released Persons, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding in any court, administrative agency, or other tribunal; and

d. shall not be offered, received, or used in any way against any of Plaintiffs or Plaintiffs' Counsel as evidence of, or be deemed to be evidence of, a

presumption, concession, or admission that any of Plaintiffs' claims are without merit or that Plaintiffs would not have been able to prevail on their claims at trial.

14.    Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance thereof, shall be admissible in any proceeding for any purpose, except to enforce the terms of the Settlement; provided, however, that if finally approved, the Released Persons may refer to the Settlement, and file the Stipulation and/or the Judgment, in any action that may be brought against them to effectuate the liability protections granted them thereunder, including, without limitation, to support a defense or claim based on principles of res judicata, collateral estoppel, full faith and credit, release, standing, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or claim under U.S. federal or state law or foreign law.

15.    **Supporting Papers** – Consolidated Plaintiffs shall file and serve the opening papers in support of final approval of the proposed Settlement and Plaintiffs' Counsel's motion for attorneys' fees and expenses no later than twenty-eight (28) days prior to the Settlement Hearing. If there is any objection to the Settlement or to Plaintiffs' Counsel's motion for attorneys' fees and expenses, Consolidated Plaintiffs shall file a response to the objection(s) at least seven (7) days prior to the Settlement Hearing.

16.    **Termination of Settlement** – If the Stipulation is terminated pursuant to its terms, or the Effective Date does not otherwise occur, all proceedings in the Derivative Matters will revert to their status as of the date immediately preceding the date of the Stipulation.

SO ORDERED this 7th day of May, 2026.

_____
The Honorable Stephen V. Wilson
United States District Judge

9